JEFFRY GLENN, SBN: 47357
BERMAN, GLENN & HAIGHT
The Hearst Building
5 Third Street, Suite 1100
San Francisco, CA 94103
Telephone: (415) 495-3950
Fax:         (415) 495-6900
Email: sflawyers@earthlink.net

Attorneys for Defendant:
FORTUNATO RODELO LARA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-12-30 EMC (EDL) |
| Plaintiff, | **DEFENDANTS' BRIEF RE IN CAMERA REVIEW OF GOVERNMENT'S SUBMISSION RE PHONE RECORDS** |
| FORTUNATO RODELO LARA, et al., | |
| Defendants. _____/ | |

In accord with the Court's January 8, 2014 Order (Doc. #304), defendants submit the following memorandum concerning the Court's review of the government's in camera submission regarding documentation of the government's gathering of phone records.[1]

Defendants submit that the Court should review the submitted materials with two issues in mind: (1) whether the form of each records request constitute a proper "administrative subpoena"; and (2) whether the records/data returned pursuant to each "administrative subpoena"

---

[1] On December 16, 2013 and again on January 8, 2014, the defense submitted the following numbers to the government: 650-271-3260; 512-798-3299; 510-731-8540; 510-224-7407; 510-233-5715; 510-740-4758; 415-318-0220; 206-388-8549; 415-410-8055.

exceeded the lawful scope of such a subpoena. In other words, in each instance, did the government utilize the correct process to obtain a properly limited scope of call records?

Initially, the Court should examine each "administrative subpoena" to ascertain whether the subpoena complies with the statutory requirements. See 21 U.S.C. § 876. At a minimum, this includes that the subpoena be issued by an attorney or the government, not a law enforcement officer. See 21 U.S.C. § 876(a). In other recent cases in this district, the government has obtained cell phone call detail records by means of "request forms" signed by law enforcement officers, rather than an attorney for the government. These "request forms were sent by fax to the cell service providers, and the service providers responded by emailing the call records data directly to the agents.

The government's gathering of phone records from cell phone service provider is governed by several different statutes. Which statute applies is determined by the nature of the records the government obtains.

The first type of order the government may employ is a "pen register order" authorized by a court. The authority for such orders is set out in 18 U.S.C. §§ 3121-3127. Pen register orders may be utilized to obtain only call connection records. See 18 U.S.C. § 3127(3), 3127(4). Such orders do not allow access to content. 18 U.S.C. §§ 3122(b). Given that the government has represented that it obtained all of the records at issue by means of "administrative subpoenas," it seems apparent the government did not employ pen register orders.

The statutory framework upon which the government more likely relied as supposed authority for the "administrative subpoenas" is the Stored Communications Ac ("SCA"). See 18 U.S.C. §§ 2701-2712. Pursuant to the SCA,

> A provider of electronic communication service or remote computing service shall disclose to a governmental entity the - (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument

number or other subscriber number or identity, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number), of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).

See 18 U.S.C. § 2703(c)(2). The SCA thus does not allow the government to gather cell cite data, GPS data, or any other data concerning the historical or current location of a cell phone, by means of an administrative subpoena. The Act similarly does not allow the government to seize text messages by means of an administrative subpoena.

As defendants noted in their motion to compel discovery, the call data at issue in this motion includes some cell site and GPS data, and the wiretap affidavits include numerous references to positional data concerning the cell phones targeted and analyzed by the government. The Court should therefore carefully scrutinize the data submitted for in camera review to determine whether the government obtained cell site, GPS, or other positional data that was outside the proper scope of an administrative subpoena pursuant to the SCA.

The Court should also examine the data to make certain that the administrative subpoenas were not simply paper trails generated to cover law enforcements agents use of earlier records requests. As the Court will recall, training materials concerning law enforcement use of the government various phone records databases (which were attached as exhibits to the defense motion to compel) instruct agent hide their use of the cell phone databases by obtaining "subpoenas" directed to the service providers after the agents have already reviewed the results of database searches.[2]

---

[2] While the defense does not question the veracity of the representations of counsel for the government on the subject of the existence of administrative subpoenas, defendants assert that the process of "parallel construction," if it occurred, was very likely done by the agents before any attorney for the government was involved in the records request process. Government counsel would therefore be unaware of the scope of the agents' use of the databases. Again, this was what happened in another case in pending in this district.

In order to ascertain whether the agents engaged in such "parallel construction," the Court should carefully examine both the date ranges of the data submitted for in camera review, as well as the metadata for those files.[3] At minimum, the Court should look at the file creation dates and file modification dates for the data to see if the files existed prior to the dates when the data was allegedly returned pursuant to the administrative subpoenas.

The Court should also examine the data for records that fall outside the time limits set out in the government's subpoenas. For example, if the government's administrative subpoena required production of records for the period of March 1 through August 31, 2010, the Court should assure that the records produced do not include records for time periods outside those parameters.

Dated: January 10, 2014.                                   Respectfully submitted,

                                                             /s/ Jeffrey Glenn
                                                            Attorney for Defendant
                                                            FORTUNATO RODELO LARA

---

[3] Because examination of the metadata is important to the Court's analysis, the Court should require the government to produce the subpoena return data in its original, electronic format, rather than paper printouts of the data.